BEFORE THE FIRST DIVISION, JUNE 28, 1938

**No. 38912.**—Protest 713796–G of Weymouth & Young (Seattle).

SULLIVAN, Judge: The merchandise in question consists of bottles containing certain alcoholic beverages.    The collector of customs at the port of Seattle, Wash., assessed duty thereon at the appropriate rate according to size under paragraph 217, Tariff Act of 1930.

The main claim in the protest is that these bottles are dutiable at one-third the rate imposed by paragraph 217 by virtue of paragraph 810 of said act.    The plaintiffs have ignored the other claims.

The official papers were received in evidence and the protest submitted thereon. It appears from the invoice that the importation consists of—

30 Cases St. George Manila Dry Gin, each containing 72 Handy Flasks.
1 Case Philippine Palm Brandy.
1 Case Philippine Palm Brandy "B."
1 Case Chinese wines: Ngkapei & Muiqueilui.
2 Cases Assorted liquors.

The appraiser's report was made within the legal time, and is as follows:

The merchandise, the subject of this protest, consists of bottles containing Dry Gin, Brandy, and other spirits.    The bottles bore evidence of manufacture and were advisorily classified for duty free, Par. 1615, Act of 1930, or at the alternative rates under Par. 217, Act of 1930.    Note T. D. 46918 (3) (4).

T. D. 46918, *supra*, is a "Summary of decisions of the Bureau of Customs." Subdivisions (3) and (4) thereof are as follows (See 65 Treas. Dec. 301):

(3) *Philippine products—Bottles.*—Bottles of American origin, imported as the usual containers of Philippine beer, are not entitled to free entry under section 301, Tariff Act of 1930, as components of articles manufactured in the Philippine Islands from materials of Philippine and United States origin, since the filling of containers is not a manufacture or production within the meaning of section 301. Bureau letter of March 10, 1934.

(4) *Bottles, beverage.*—Bottles imported as the containers of beer entitled to free entry under section 301, Tariff Act of 1930, are not containers of an article provided for in schedule 8 and are not entitled to any reduction from the duties provided in paragraph 217 by reason of the provisions of paragraph 810.    Bureau letter of March 10, 1934..   (110508.)

It does not appear from the papers that there was any beer in the bottles at bar.

The collector's letter of transmittal of these papers to the court, which was also made within the legal time, contains the following:

The bottles, as reported by the examiner were of a size to take the rates of 1½¢ lb., as not over 1 pint; less than one-fourth pint, 50¢ a gross; more than one pint, 1¢ lb.    The examiner also reported the bottles to have been of U. S. manufacture.

The provisions of paragraph 810 were not considered in the classification because the bottles were not the containers of an article (dry gin, brandy, Chinese spirits) provided for in schedule 8, of the Tariff Act of 1930.

No claim was made at the time of entry that the bottles were of U. S. manufacture, nor were the regulations complied with for such a claim.

Section 301 was not considered in the classification as the filling of the containers does not appear to be a manufacture or production, as required for free entry under Section 301 of the Tariff Act of 1930. T. D. 46918, Par. 3 and Par. 4, followed in liquidation.

As stated in plaintiffs' brief, the issue is—

Is the merchandise properly dutiable at one-third the rate assessed under paragraph 217 by virtue of paragraph 810?

The certificate of origin in evidence shows that the *contents* of these bottles are "the growth or product of or manufactured in the Philippine Islands" and free of duty under section 301 of the Tariff Act of 1930. We are therefore only concerned with the question as to the proper duty to be assessed on the bottles containing such contents.

Paragraph 810 is a part of schedule 8, which relates to "Spirits, Wines, and other Beverages," and covers "Brandy and other spirits manufactured or distilled from grain or other materials, cordials, liqueurs, arrack, absinthe, kirschwasser, ratafia, and bitters of all kinds containing spirits"; "Champagne and all other sparkling wines"; "Still wines, including ginger wine or ginger cordial, vermuth, and rice wine or sake, *and similar beverages*" (Italics ours); "Ale, porter, stout, beer, and fluid malt extract * * * malt extract, solid or condensed"; "Cherry juice, prune juice, or prune wine, and all other fruit juices and fruit sirups, not specially provided for, containing less than one-half of 1 per centum of alcohol * * * or more * * * grape juice, grape sirup, and other similar products of the grape"; "Concentrated juice of lemons, oranges, or other citrus fruits, fit for beverage purposes, and sirups containing any of the foregoing"; "Berries and fruits of·all kinds, prepared or preserved * * * containing * * * alcohol"; "Ginger ale, ginger beer, lemonade, soda water, and similar beverages containing no alcohol, and beverages containing less than one-half of 1 per centum of alcohol"; "All mineral waters."

Then follows paragraph 810, which provides:

PAR. 810. When any article provided for in this schedule is imported in bottles or jugs, duty shall be collected upon the bottles or jugs at one-third the rate provided on the bottles or jugs if imported empty or separately.

As to the bottles containing dry gin: We have previously held gin to be a spirit such as is covered by schedule 8. (*Associated Commercial Co., Ltd.* v. *United States*, T. D. 47649, 67 Treas. Dec. 654.)

Palm brandy is not *eo nomine* mentioned in schedule 8, but "arrack" is. Arrack is sometimes distilled from palm juice. At all events we are of opinon that palm brandy is a spirit, and so within the provisions of schedule 8.

Chinese wines are not mentioned in schedule 8, but still wines and sparkling wines are. If they are wines they must be one or the other. In addition, the examiner has noted on the invoice in red ink over this item a memorandum to the effect that these so-called "wines" are not wines, but "spirits". "Spirits" are covered *eo nomine* by paragraph 802; therefore they clearly fall within schedule 8.

As to the two cases of "assorted liquors", the plaintiffs have not informed the court of the name or nature of these "assorted liquors". Liquors are not *eo nomine* referred to in the paragraphs of schedule 8 preceding paragraph 810, *supra*. "Spirits", however, are covered by paragraph 802, and in paragraph 811 as to measurement "and the standard for determining the proof of brandy and other spirits or *liquors*," the reference to liquors in connection with "spirits" indicates they are of the same character as the "Brandy and other *spirits* manufactured or distilled from grain *or other materials*" dutiable under paragraph 802 at $5 per gallon. It is quite probable therefore that had these liquors been dutiable, and not the product of the Philippines, they would have been assessed under

# 324

paragraph 802. In addition, the dictionary definition indicates that "liquor" is of the class of beverages covered by paragraph 802, for in Funk & Wagnall's Standard Dictionary we find the following definition thereof:

Any alcoholic or intoxicating liquid, specif., one of a spirituous character as distinguished from beer, wine, etc.

While we think the plaintiffs should have been a little more specific in their proof to bring these beverages within schedule 8, yet the court is satisfied from the proven facts that had they been dutiable they would have been assessed under that schedule. We therefore hold the bottles in question dutiable at one-third the rate provided in paragraph 217 for bottles of the capacity of those in question.

We have previously passed on similar questions in the *Associated Commercial Co.* case, *supra*, not appealed, involving bottles containing gin; and *Associated Commercial Co.* v. *United States*, T. D. 48306, 69 Treas. Dec. 823, affirmed in 24 C. C. P. A. 402, T. D. 48855, involving beer bottles.

The court is strengthened in its opinion that the Chinese wines covered by this invoice are of the class of beverage covered by schedule 8, by a Treasury Department letter to the collector of customs at Los Angeles, published in T. D. 47261, 66 Treas. Dec. 260, wherein the Bureau expresses its opinion that "ng ka py, mu kwei lu, and similar Chinese alcoholic preparations" "are properly subject to duty at the rate of $5 per proof gallon under paragraph 802." In addition, the fourth paragraph of this letter contains the following:

The liquor control authorities of the State of California, where large quantities of ng ka py and mu kwei lu are consumed, license and tax these commodities as beverages, and not as medicines. They state that mu kwei lu is similar to a flavored gin * * * The Bureau of Internal Revenue holds that both the commodities mentioned are taxable as alcoholic beverages * * *.

The Government contends in its brief that the provisions of paragraph 217 control these bottles, for the reason that section 301 of the act of 1930 provides for free entry of "articles the growth or product of or manufactured in the Philippine Islands," etc., and "there is no proof that the bottles were there manufactured." That is true. If there had been such proof the bottles would probably be free of duty under section 301; but inasmuch as the court is of opinion that the bottles contained such beverages as are covered by section 8, and paragraph 810 provides that "duty shall be collected upon the bottles or jugs at one-third the rate provided on the bottles or jugs if imported empty or separately," the court is of opinion that paragraph 810 is clearly applicable thereto, and should not be abrogated by reason of the fact that they are "containers of duty free merchandise." The court is of opinion that the beverages contained in these bottles are provided for in schedule 8, but being the product of the Philippines they are exempted from the duties provided by such schedule by virtue of section 301.

The protest is sustained to the extent indicated. It is overruled in all other respects. Judgment accordingly.

BROWN, Judge: I concur in the conclusion reached.